## JOHN P. SEDWICK v. T. J. CARLEW.

IN THE SUPREME COURT, AUSTIN TERM, 1884.

*Mechanics Lien—Statute Construed.*—The act of 1839 (P. D. 4592) gives a lien only to master builders and mechanics whose contracts, for service or material, shall be reduced to writing, and its benefits are not extended to open accounts for such service or material.

Appeal from McLennan county.

The plaintiff's claim of lien as a material man is based on an open account and affidavit to the same recorded January 4, 1875. The deed of trust under which Carlew claims was recorded April 28, 1871. The defence set up by Carlew was that he purchased the premises in controversy, which are sought by plaintiff to be subjected to the lien of the plaintiff, at a sale made March 7, 1876, under the above named deed of trust ; that he paid $1230 cash—gold coin— for the property and received a deed from the trustee, and went into possession of the property ; that the lien created by said deed of trust was prior to any pretended lien of the plaintiff.

The assignments of error do not otherwise call in question the correctness of the judgment than in respect to the supposed exclusiveness and superiority of the plaintiff's lien for material furnished in making the improvements, over a valid subsisting anterior lien on the property which had been repaired, or improved, with such materials.

The appellant maintains that such is the character of his lien by virtue of the second proviso of the first section of the statute of 1839. (Pas. Dig., Art. 4592). The article in question provides as follows :

" From and after the passage of this act, master builders and me-

chanics of every denomination, contracting in writing to put up and erect buildings of any and every description, shall have a lien in the nature of a mortgage, on all such buildings as they may put up or erect, or work upon, and also upon the tract, parcel, or lot of land upon which building, or buildings, shall be put up and erected, until the price or compensation for services and for materials found shall be fully paid and satisfied, unless a contrary stipulation be made and agreed upon at the time it is entered into; provided always, that such lien shall not have a priority over bona fide mortgages, or legal incumbrances, existing anterior to the time of the contract being made, if the said mortgages, or legal incumbrances, shall be duly recorded according to law ; provided also, that in all cases, such builders, or mechanic, shall have an exclusive lien on all improvements made by him to the extent of his claim for the same."

This statute gives the lien for which it provides only to master builders and mechanics whose contracts for performing services, or for supplying materials, shall be reduced to writing, and its benefits are not extended to contracts not in writing, such as open accounts, for such services and materials. It is clear, that the last proviso above quoted, giving to builders, or mechanics, an exclusive lien on all improvements made by them, can not be applied to subsequent statutes regulating mechanics' liens which make provision for giving liens on contracts other than those in writing.

The extension of the lien which this proviso embraces, so as to render it exclusive as to the improvements made by the builder or mechanic, according to the express terms of the statute, has reference only to the contracts in writing, and it can not be invoked to render it equally applicable to the act of November 17, 1871, regulating mechanics' contractors', builders' and other liens. (Pas. Dig., Arts. 7112 and 7116), subsequently enacted and which distinctly provides for liens of this character in respect to both verbal and written contracts. (Phillips on Mechanics' Liens, Secs. 11 and 20 ; McKim v. Mason, 3 Md. Ch. Rep., 186 ; Rees v. Ludington, 13 Wis., 276 ; Jessup v. Stone, *Idem.*, 466).

This view of the act of 1839 is decisive of this appeal, if that act should be deemed now to be in force and unrepealed by implication. It is not necessary in this case, therefore, to determine whether it is still in force, or not.

We conclude that there is no error, and that the judgment ought to be affirmed.

Affirmed. Walker, P. J.